UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL NIEVES,

                Plaintiff,

-against-                          22-CV-1858 (LTS)

MARTHA JOHNSON,                    ORDER OF DISMISSAL

                Defendant.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is currently detained in the Mid-Hudson Forensic Psychiatric Center, brings this *pro se* action under 42 U.S.C. § 1983, asserting claims against Martha Johnson, an individual who Plaintiff alleges was holding $450.00 of Plaintiff's money for safe keeping. By order dated May 26, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

        The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see* Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff alleges the following facts. In April 2020, Plaintiff and Defendant agreed, during telephone conversations, that Defendant would hold check No. 49187, in the amount of $450.00, for safe keeping. (ECF No. 2 at 2, ¶ 1.) Plaintiff acknowledges that the agreement was made to help Plaintiff avoid "an unlawfully imposed approximately $500.00 debt at Rikers Island." (*Id.*) He asserts that Defendant agreed to send the funds to Plaintiff via wire transfer, upon Plaintiff's request. (*Id.*)

In November 2021, Plaintiff made repeated requests to Defendant to transfer the money to Plaintiff's friend "for necessary survival expenses for both the friend and for the plaintiff." (*Id.* at ¶ 2.) Defendant asserted that she required written documentation, but Plaintiff was not able to provide that because "Rikers Island has been destroying Plaintiff's incoming and outgoing mail retaliatorially [sic] over lawsuit, Index: 25346/2016, in the Bronx Supreme Court, Civil Term." (*Id.*)

In early February 2022, Defendant told Plaintiff that she would mail the funds to Plaintiff via Federal Express, but as of the writing of Plaintiff's complaint, he had not received the funds from Defendant. Plaintiff brings this action seeking $450.00 in damages, and $5,000,000.00 in punitive damages.

## DISCUSSION

**A.      Private Parties**

Plaintiff indicates on the complaint that he seeks relief under 42 U.S.C. § 1983. However, to state a claim under Section 1983, a plaintiff must allege that a person acting under the color of state law (a "state actor") violated a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Because Section 1983 governs the conduct of state actors, private parties generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Because Defendant Martha Johnson is a private party who is not alleged to work for any state or other government body, Plaintiff has not stated a claim against this Defendants under Section 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.   **Supplemental Jurisdiction**

Plaintiff's complaint could be liberally construed as also asserting state law claims. A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

C.   **Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

D.   **Litigation History and Warning**

In light of Plaintiff's history of filing Section 1983 claims against private attorneys, the Court previously found that Plaintiff was or should have been aware when he filed this action that the complaint failed to state a claim on which relief may be granted. *See Nieves v. Turchi*, ECF 1:22-CV-1862, 5 (Mar. 25, 2022) (listing cases). The Court therefore warned Plaintiff that

4

further duplicative, repetitive, or meritless litigation in this court may result in an order barring him, under 28 U.S.C. § 1651, from filing new actions IFP without prior permission. *Id.*

Plaintiff filed this action before the Court's warning in *Nieves v. Turchi*, ECF 1:22-CV-1862. The Court again warns Plaintiff that further duplicative, repetitive, or meritless litigation in this court may result in an order barring him from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses Plaintiff's Section 1983 claims for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction over any state law claims that Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 11, 2022
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                      LAURA TAYLOR SWAIN
                                                  Chief United States District Judge